# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIZABETH M. BISHOP, | § § § | |
| *Plaintiff,* | § § | Civil Action No. SA-18-CV-843-XR |
| v. | § § | |
| SETERUS, INC., | § § | |
| *Defendant.* | § § § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On this date, the Court considered Defendant's Motion for Summary Judgment (docket no. 16). Although Plaintiff did not respond, the Court will evaluate the motion and applicable law. After careful consideration, Defendant's motion is GRANTED.

## BACKGROUND

On September 21, 2013, Plaintiff Elizabeth Bishop executed concurrently a Note for $271,895.00, payable to Citibank, N.A., and a Deed of Trust securing the repayment of the Note with the property at 603 Sand Ash Trail, San Antonio, Texas 78256.

The loan was transferred to CitiMortgage, Inc. in 2015 and to Fannie Mae in 2016. Plaintiff has not tendered all payments due on the Note. The loan is past due for the July 1, 2017, payment and all subsequent payments. On July 19, 2017, Defendant, as servicer, sent a notice of default to Plaintiff, advising that she needed to pay $4,467.19 to cure the default or Defendant would accelerate the balance of the loan. Plaintiff did not cure the default. On August 15, Defendant sent a second notice, and Plaintiff still did not cure.

On June 25, 2018, Defendant sent Plaintiff a loan modification application, which stated "**This Letter will not delay foreclosure proceedings.** We cannot guarantee that you will receive

1

a particular type of assistance" Docket no. 16-1 at 84 (emphasis in original). It also stated, "Even though we have referred your loan to our foreclosure department, **we still want to help you avoid foreclosure**." *Id.* (emphasis in original). Further, it states that "[w]ithin 30 days of receipt of a complete Borrower Response Package, we will let you know what foreclosure alternatives, if any, are available to you and will inform you of your next steps to accept our offer." *Id.* at 86. On July 18, Defendant sent a notice of acceleration to Plaintiff. On December 17, Defendant advised Plaintiff that her loan modification application was incomplete.

On August 3, 2018, Plaintiff filed her Original Petition in the 407th Judicial District Court of Bexar County, Texas. Plaintiff brought claims for wrongful foreclosure, breach of contract, and promissory estoppel. On August 15, Defendant removed to this Court. On August 31, Defendant filed a Motion to Dismiss, which the Court granted in part, disposing of Plaintiff's wrongful foreclosure claim. On June 13, Defendant filed the Motion for Summary Judgment now before the Court. Docket no. 16. Although Plaintiff's response deadline has passed, Plaintiff did not file a response.

**DISCUSSION**

**I. Legal Standard**

A party is entitled to summary judgment only if it demonstrates that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In order to demonstrate that there is no genuine issue of material fact, a movant either has to negate the existence of a material element of the non-movant's claim or defense or point out that the evidence in the record is insufficient when the non-movant bears the burden of proof for that element at trial. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). To satisfy its initial responsibility, a movant without the burden of proof at trial need only

point out that there is an absence of evidence to support the non-movant's claim to shift the burden to the non-movant to show that summary judgment is not proper. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

There is a genuine issue of material fact when the evidence allows a reasonable jury to return a verdict for the non-movant. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In order to conclude that no genuine issue of material fact exists, the court must be satisfied that no reasonable trier of fact could have found for the non-movant. *See Anderson*, 477 U.S. at 250 n.4. A court on summary judgment must review the summary judgment record taken as a whole, but the court is not permitted to make "credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). The court must review "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

## II. Application

Plaintiff's remaining claims are for breach of contract and promissory estoppel. Plaintiff seeks declaratory and injunctive relief.

### a. Breach of Contract

First, Plaintiff brings a claim for breach of contract. Under Texas law, a breach-of-contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

3

Here, there is no valid contract. Plaintiff alleges that Defendant's sending the loan modification application constituted an offer, which Plaintiff accepted by completing the application. Plaintiff alleges that, by entering foreclosure proceedings, Defendant breached this contract. This argument has no merit. By its terms, the loan modification application did not delay foreclosure. The application listed available programs, but it did not have definitive terms necessary to be an offer. An "invitation to enter into negotiation" is not an "offer." *Baldwin v. New*, 736 S.W.2d 148, 152 (Tex. App.—Dallas 1987, no pet.). Under no interpretation can the loan modification application be construed to be a valid contract offer. Without a valid contract, then, the Court grants summary judgment on this claim.

   b. **Promissory Estoppel**

Next, Plaintiff brings a claim for promissory estoppel. Although normally a defensive theory, promissory estoppel is also available as a cause of action to a promisee who has reasonably relied to her detriment on an otherwise unenforceable promise. *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013) (citing *Gold Kist, Inc. v. Carr,* 886 S.W.2d 425, 431 (Tex.App.—Eastland 1994, pet. denied). "The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promise to his detriment." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.). "An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013). "Promissory estoppel is a narrow exception to the statute of frauds." *Trammel Crow Co. v. Harkinson,* 944 S.W.2d 631, 636 (Tex. 1997). To establish a promissory estoppel claim, "the promise must be a promise to sign an already existing

written agreement that would itself satisfy the statute of frauds." *George–Baunchand v. Wells Fargo Home Mortg., Inc.,* 2011 WL 6250785, at *8 (S.D. Tex. Dec. 14, 2011).

Here, as discussed above, there was no written loan modification agreement, and there is no evidence of a promise to sign a modification agreement that would satisfy the statute of frauds. Thus, the Court grants summary judgment on this claim.

### c. Injunctive Relief

Finally, Plaintiff seeks declaratory and injunctive relief. First, "[u]nder Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Second, a request for declaratory judgment is "merely a theory of recovery" for a cause of action and fails if all substantive claims fail. *Kingman Holdings, L.L.C. v. Everbank*, No. 5:13-CV-1127-DAE, 2014 WL 1491257, at *5 (W.D. Tex. Apr. 14, 2014) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) and *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 746, 769 (N.D. Tex. 2012)). Since all of Plaintiff's substantive claims are dismissed, neither declaratory nor injunctive relief is appropriate here.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (docket no. 16) is GRANTED.

The Clerk shall enter Judgment pursuant to Rule 58 that Plaintiff shall take nothing by her claims and that her claims are dismissed with prejudice. The Clerk is directed to close this case.

Defendant may file a bill of costs pursuant to the Local Rules. Defendant's motion contains a request for attorney's fees. Should Defendant wish to seek an award of attorney's fees, Defendant shall file a motion pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 1st day of July, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE